UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Anthony Weston, | Case No. 22-cv-1464 (WMW/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Paul Coughlin, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Anthony Weston's Application to Proceed in District Court Without Prepaying Fees or Costs. (IFP Application [Docket No. 2]).

Plaintiff Anthony Weston, a prisoner, alleges that unidentified staff at the Carlton County Jail allowed his public defender to enter the facility "without proof that he followed quarantine procedures" after being exposed to Covid-19. (Compl. [Docket No. 1] at 4). According to Plaintiff, this amounted to a violation of his constitutional rights actionable under 42 U.S.C. § 1983. Plaintiff seeks $100,000 in compensation for the alleged constitutional violation. See, Id.

Because Plaintiff is a prisoner, his Complaint is subject to review under 28 U.S.C. § 1915A, which requires that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in Plaintiff's favor. See, Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

There are two overwhelming problems with Plaintiff's Complaint. First, Plaintiff does not include any factual allegations whatsoever related to Defendant Paul Coughlin, the sole Defendant named to this action. Nowhere does Plaintiff allege the action or omission Defendant himself did that violates Plaintiff's constitutional rights. To succeed on a claim under § 1983, "a litigant must prove that the specific defendant being sued acted unlawfully himself or herself." See, Washington v. Craane, No. 18-cv-1464 (DWF/TNL), 2019 WL 2147062, at *2 (D. Minn. Apr. 18, 2019) (citing Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.")). Plaintiff cannot succeed in this action without establishing wrongdoing by Defendant specifically, and no such allegation is made in the Complaint.

Second, even if the actions of "Carlton County jail staff" alleged in the Complaint could be imputed to Defendant himself, (see, Compl. [Docket No. 1] at 4), Plaintiff has not stated a claim on which relief may be granted because the alleged actions of jail staff do not amount to a violation of Plaintiff's constitutional rights. To establish a failure to protect in violation of the federal constitution, a "prisoner/detainee must prove both that the official's acts objectively caused a sufficiently serious deprivation and that the official had a subjectively culpable state of mind." Perkins v. Grimes, 161 F.3d 1127, 1130 (8th Cir. 1998). Neither element of a failure-to-protect claim has been adequately alleged in the present case. "A pretrial detainee cannot maintain a failure to protect claim if he does not plausibly allege an injury that occurred or the risk of a future serious injury." Hageman v. Morrison County Sheriff's Office, No. 19-cv-3019 (JRT/HB), 2020 WL 3547218, at *3 (D. Minn. Apr. 22, 2020) (citing Schoelch v. Mitchell, 625 F.3d 1041, 1047 (8th Cir. 2010)). Plaintiff does not contend that his public defender's entrance to the facility caused any actual danger or risk of danger to him—indeed, the Complaint does not allege that the public defender had been infected with Covid-19 at all.[1] Nor does the Complaint allege that any jail official acted with purposeful malice or intentionality in permitting Plaintiff's attorney to enter the facility.

For much the same reasons, the facts alleged in the Complaint do not establish a plausible claim of deliberate indifference to Plaintiff's medical needs. To establish a deliberate-indifference claim, Plaintiff must "show (1) he suffered from an objectively serious medical need, and (2) defendants knew of the need yet deliberately disregarded it." Hartsfield v. Colburn, 371 F.3d 454,

---

[1] The exhibits attached to the Complaint by Plaintiff strongly suggest that the public defender had been exposed to Covid-19 and quarantined for several days despite never testing positive. (See, Plf.'s Ex. [Docket No. 1-1] at 2). This Court need not rely upon the veracity of the statements in that exhibit in recommending dismissal of this action; it is sufficient to note that the Complaint itself does not allege that Plaintiff was at any time exposed to Covid-19 through his attorney.

3

457 (8th Cir. 2004). Again, though, at no point in the pleading does Plaintiff allege that he suffered from <u>any</u> medical need, much less an objectively serious medical need, resulting from the visit from his attorney.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b); and

2. Plaintiff's application to proceed in forma pauperis, [Docket No. 2], be **DENIED as moot** in light of the recommendation of dismissal.


Dated: June 8, 2022  <u>s/Leo I. Brisbois</u>
Hon. Leo I. Brisbois
United States Magistrate Judge


**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).